## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BLUEFIELD DIVISION

MIKHAEL DORISE,

      Petitioner,

v.                                 Case No. 1:21-cv-00386

WARDEN MARUKA,

      Respondent.

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Mikhael Dorise's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 2).   This matter is assigned to the Honorable David A. Faber, Senior United States District Judge and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).   For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's § 2241 petition (ECF No. 2), and this civil action, for lack of jurisdiction.

### PROCEDURAL BACKGROUND AND PETITIONER'S CLAIM

**A.    Petitioner's conviction and direct appeal.**

Petitioner is a federal inmate who is presently incarcerated at USP Yazoo City in Mississippi.   While previously incarcerated at FCI McDowell in this district, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241, asserting that he is not a "career offender" under Section 4B1.1 of the U.S. Sentencing Guidelines Manual ("USSG") and, thus, his sentence exceeds the guideline maximum.   (ECF No. 1 at 6-7.)   He contends

that the Supreme Court's decision in *Borden v. United States*, 141 S. Ct. 1817 (2021), should be applied retroactively to invalidate the use of his two prior Texas robbery convictions as predicate "crime[s] of violence" under the USSG career offender enhancement guideline.   (*Id.* at 1).

On June 20, 2002, Petitioner was indicted in the United States District Court for the Southern District of Texas on three counts:   (1) bank robbery, use of a dangerous weapon, in violation of 18 U.S.C. § 2113(a) and (d); (2) use/carry/brandish a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c); and (3) felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).   (ECF No. 10, Ex. 1). Following a four-day jury trial, during which Petitioner was allowed to represent himself, with stand-by counsel, Petitioner was found guilty of all three counts.

At sentencing, Counts One and Three were grouped pursuant to USSG § 3D1.2(a) because the offenses involved the same victim and the same act or transaction.   Based on Count One, which was the most serious of the counts, Petitioner's base offense level was 20.   An additional 10 offense levels were added for various enhancements: taking the property of a financial institution, physically restraining victims by gunpoint, causing a significant financial loss, car-jacking, and reckless endangerment during flight from law enforcement.   Thus, his total offense level was 30.

As relevant here, Petitioner was also determined to be a career offender under USSG § 4B1.1 because his offense of conviction was a felony committed after Petitioner had turned 18 and because he was previously convicted of two "crimes of violence," both Texas robberies.   Accordingly, Petitioner's offense level was increased to 34, with a criminal history category of VI, resulting in a sentencing guideline range for

2

imprisonment of 262 to 327 months.    Petitioner was sentenced to 300 months of imprisonment on Count 1, a consecutive term of 27 months of imprisonment on Count 2, and a consecutive term of 84 months of imprisonment on Count 3, for a total term of imprisonment of 411 months.

Petitioner appealed his conviction on the ground that the trial court erred by allowing him to waive his right to counsel and represent himself at trial.    The Fifth Circuit Court of Appeals affirmed, and his petition for certiorari was denied.    *See United States v. Dorise*, No. 04-41472 (5th Cir. Jan. 16, 2006), *cert. denied*, 549 U.S. 848 (Oct. 2, 2006).

### B.    Petitioner's prior post-conviction filings.

As set forth in more detail in Respondent's response and the chart attached in Exhibit 7 thereto, Petitioner has filed numerous post-conviction motions and petitions challenging his convictions and sentences, including an unsuccessful motion to vacate under 28 U.S.C. § 2255 in his sentencing court.    (ECF No. 10 at 4-7 and Ex. 7).    As evident from Respondent's brief and extensive exhibits, Petitioner has unsuccessfully sought authorization to file a second or successive § 2255 motion and has also filed an exorbitant number of unsuccessful habeas corpus petitions under § 2241 in various district courts seeking vacatur or reduction of his robbery sentence on the basis that he is not a career offender.    In fact, as noted by Respondent, prior to filing the instant petition, Petitioner made similar challenges to his sentence in six other habeas petitions and three appeals therefrom.    (ECF No. 10 at 10).    Thus, Respondent asserts that Petitioner is a vexatious filer, who has been previously warned by the United States Court of Appeals for the Fifth Circuit that continued filings would (and did) lead to sanctions.    (*Id.*)

**B.      The instant § 2241 petition.**

In the instant petition, Petitioner argues that his armed robbery sentence "exceed[s] the otherwise applicable statutory[1] maximum resulting in a fundamental defect" because his mandatory guideline sentence was improperly enhanced under USSG § 4B1.1 based upon his prior convictions, which allegedly no longer qualify for the enhancement "in light of subsequent case law."   (ECF No. 1 at 2; ECF No. 2 at 1-3). Specifically, Petitioner claims that his guideline sentence "was unconstitutionally enhanced on the basis of his prior conviction[s] for Texas robbery."   (ECF No. 2 at 2). Petitioner further argues that the savings clause contained in 28 U.S.C. § 2255(e) allows him to challenge his sentence through a § 2241 habeas petition because a "[r]ecent intervening applicable change in the substantive law that is deemed retroactive after his first [§] 2255 motion shows that he lacks the requists [sic] convictions for his present sentence or detention as a career offender."   (ECF No. 1 at 4, 6).   He requests that the Court "order [him] to time served and to have the BOP a[u]thorities release him on probation."   (*Id.* at 7).

Petitioner argues that his two prior Texas robbery convictions no longer qualify as "crime[s] of violence" under USSG § 4B1.2(a) based upon *Borden v. United States*, 593 U.S. 420 (2021).   In *Borden*, the Court found that the elements clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), requires purposeful conduct and that reckless conduct does not qualify as such to be a "violent felony" for predicate offenses for the statutorily enhanced penalty under the Act.   *Id.* at 429.

---

1  Petitioner's 300-month (25-year) sentence for armed bank robbery under 18 U.S.C. §§ 2113(a) and (d) did not exceed the 25-year statutory maximum.   Thus, Petitioner's challenge is really that his sentence exceeded the <u>guideline</u> maximum that would have been in effect, but for the career offender enhancement.

Petitioner filed an initial supplemental brief also relying on *United States v. Burris*, 856 F. App'x 547 (5th Cir. 2021) (per curiam), in which the Fifth Circuit, on reconsideration in light of *Borden*, found that simple robbery under Texas Penal Code § 29.02(a)(1) "could be committed simply by recklessly causing another to suffer injury during a theft" and, thus, did not qualify as a crime of violence to be a predicate offense under the ACCA's elements clause.    *See* 856 F. App'x at 547 (emphasis added). Petitioner attempts to extend the holdings in *Borden* and *Burris* to argue that his prior Texas robbery offenses do not qualify as "crimes of violence" under USSG § 4B1.2. Consequently, he asserts that his robbery sentence should be vacated.

On November 15, 2021, Respondent filed a Response to Petitioner's petition and initial supplement.    (ECF No. 10).    Respondent asserts that this court has the discretion to dismiss the instant petition as a sanction for Petitioner's repeated and vexatious litigation of the same issue.    (*Id.* at 11 n.4).    He further contends that Petitioner cannot meet the criteria for review under the savings clause in § 2255(e) and, thus, this court lacks jurisdiction to consider his claim.    (*Id.* at 8-18).    In pertinent part, Respondent's response distinguishes Petitioner's case from those of *Borden* and *Burris* because Petitioner's challenged sentencing enhancement stemmed from the sentencing guidelines, not the ACCA.    (*Id.* at 16).    The response further states:

> Petitioner's predicate crimes of violence under the USSG were robbery under Texas Penal Code § 29.02.    The Fifth Circuit very recently reaffirmed that a robbery conviction under Texas Penal Code § 29.02 "meets the definition of generic robbery" and, thus, "qualifies as a crime of violence under the enumerated offenses clause of [USSG] § 4B1.2(a)."    *See United States v. Nava*, Nos. 21-50165, 21-50174, 2021 WL 5095976, at *1 (5th Cir. Nov. 2, 2021) (per curiam) (citing *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 377-82 (5th Cir. 2006), *abrogated on other grounds by United States v. Rodriguez*, 711 F.3d 541 (5th Cir. 2013) (en

banc); *United States v. Rayo-Valdez*, 302 F.3d 314, 318 (5th Cir. 2002)). The *Nava* Court relied on prior Fifth Circuit precedent from *United States v. Santiesteban-Hernandez* and explicitly "reject[ed] Nava's argument that *Borden* implicitly overruled *Santiesteban-Hernandez.*" *See id.* Thus, Petitioner's predicate robbery convictions under Texas Penal Code § 29.02 similarly remain a crime of violence under the USSG—even after *Borden*.

(*Id.*)   *See also Shaw United States*, No. 4:06-cr-311(1), 2021 WL 3167007, at *1 (E.D. Tex. July 27, 2021) ("even if Texas's crime of Aggravated Assault with a Deadly Weapon no longer satisfies U.S.S.G. § 4B1.2(a)(1)'s elements clause in light of *Borden*, it still constitutes one of the enumerated offenses under § 4B1.2(a)(2)."); *United States v. Tucker*, No. 7:16-cr-00002, 2021 WL 4841271, at *1 (W.D. Va. Oct. 18, 2021) ("Because Tucker was not sentenced pursuant to a mandatory minimum term of imprisonment under § 924(e), *Borden* is not applicable.")   Respondent further contends:

> The same rationale applies here. Petitioner was found to be a career offender, so the trial court enhanced his sentence under USSG § 4B1.1. Petitioner's predicate offenses were for Texas robbery.   (ECF No. 2 at 2-3.) The Fifth Circuit has held that Texas robbery constitutes an enumerated offense under USSG § 4B1.2(a)(2).   *See Santiesteban-Hernandez*, 469 F.3d at 377-82, cited in *Nava*, 2021 WL 5095976, at *1. Therefore, even if robbery in violation of the Texas Penal Code no longer satisfies the elements clause in either the ACCA or the USSG given the Supreme Court's ruling in *Borden* or the Fifth Circuit's holding in *Burris*, it still constitutes one of the enumerated offenses under USSG § 4B1.2(a)(2). [Footnote omitted] *Cf. Shaw*, 2021 WL 3167007, at *1.   As such, Petitioner's robbery convictions were properly considered crimes of violence for the purpose of enhancing his sentencing under the USSG's career offender chapter.

(*Id.* at 17-18).   Thus, at bottom, Respondent asserts that the substantive change in law set forth in *Borden* and its progeny is inapplicable to Petitioner's case, such that it cannot serve to meet the second prong of the criteria for savings clause application as addressed *infra*.

On December 9, 2021, Petitioner filed an excessively lengthy reply brief contending that he can satisfy the savings clause and citing additional decisions he believes support his position.    (ECF No. 11).    Petitioner contends that, under the "categorical approach" used for determining predicate offenses under both the ACCA and the career offender guideline enhancements, his Texas simple robbery convictions do not qualify as enumerated offenses for the career offender guideline.    He further asserts that he is entitled to relief under the savings clause because the application of the career offender enhancement to his sentence under then-mandatory guidelines constitutes a fundamental defect and, therefore, a miscarriage of justice that can be remedied by the retroactive application of the substantive change in law set forth in *Borden* and subsequent Fifth Circuit cases.    In pertinent part, Petitioner's reply states:

> After *Borden*, Texas robbery does not meet the elements clause of 4B1.2(a)(1).    The government [conceded] this point in law, however, the Court must now address whether the robbery under Texas statute meets the enumerated offense clause of 4B1.2(a)(2).    Although robbery is listed in the commentary note 1 to 4B1.2, [Petitioner] argues that it is still not a crime of violence because such an interpretation would be inconsistent with the Guidelines and the categorical approach. * * * The ultimate question is whether the elements of the crime are "the same as, or narrower than those of the generic offense." [*Descamps,* 570 U.S. at 257].    If they are, then the crime falls within the enumerated offense clause.    And, as with the physical force element, if either subsection of Texas statute 29.02(a)(1) or (2) ((1) – Robbery by injury or (2) - Robbery by threat) does not fit the generic enumerated offense, then Dorise's Texas Robbery cannot satisfy the enumerated offense clause.

(ECF No. 11 at 13-14).    Petitioner contends that, because Texas robbery can be committed recklessly, it "is not a categorical match" with the generic enumerated offense in the guideline.    (*Id.* at 15-20).    He further states:

> Thus, although robbery is specifically listed in the enumerated offense clause, in the commentary note to 4B1.2, because the majority of states'

robbery statutes require a mens rea state greater than ordinary recklessness, the enumerated offense clause does not apply to Dorise's career offender conviction.

(*Id*. at 20-21).   Petitioner further distinguishes his case from *Nava* and *Shaw*, cited by Respondent, on the basis that those cases involved aggravated conduct that did meet the generic enumerated crimes or the requisite level of force, unlike his simple, robbery offenses.   (*Id*. at 22).

Without leave of court, Petitioner made three other supplemental filings offering additional authority in support of his claim.   (ECF Nos. 12, 13, and 14).   The undersigned finds it unnecessary to discuss those filings herein.   Thereafter, however, Respondent sought and was granted leave of court to file supplemental authority that appears to be dispositive of this matter.   Specifically, Respondent contends that the Supreme Court's recent decision in *Jones v. Hendrix*, 599 U.S. 465, 471 (2023) bars Petitioner's claim for relief.

In *Jones*, the Court held that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition."   The Court emphasized that "[t]he inability of a prisoner with a statutory claim to satisfy [the conditions of § 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause.   It means that he cannot bring it at all."   *Id*. at 480. Accordingly, Respondent asserts that *Jones* abrogates the Fourth Circuit's precedent concerning application of the savings clause (discussed below), and absolutely bars the instant petition.   (ECF No. 16 at 1-2).   The undersigned agrees.

## ANALYSIS

Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction.    28 U.S.C. § 2241, on the other hand, is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative, or supplemental remedy to that provided in § 2255.    In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which made significant reforms to the federal post-conviction review process for both state and federal prisoners.    As relevant here, AEDPA restricted the filing of second or successive § 2255 motions to those motions that contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 US.C. § 2255(h).

Petitioner's claim in the instant petition challenges the validity of his sentence, not the execution thereof.    Thus, it would be appropriately brought in a § 2255 motion. However, Petitioner previously filed an unsuccessful § 2255 motion.    Thus, he is procedurally barred from filing another § 2255 motion unless he demonstrate that his claims are based upon "newly discovered evidence," or "a new rule of constitutional law." *See* 28 §§ 2255(h)(1) and (2).    However, another AEDPA provision provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied

him relief, *unless it also appears that the remedy by motion is inadequate
or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added).    This section is known as the "savings clause" and
permits a prisoner to seek relief under § 2241 instead of § 2255.

Accordingly, for Petitioner to pursue relief under § 2241, this court must first
determine whether the remedy under § 2255 is inadequate or ineffective to test the
legality of his detention.    *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255
proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner
may seek a writ of habeas corpus pursuant to § 2241.").    The mere fact that relief under
§ 2255 is procedurally barred does not render such remedy inadequate or ineffective to
test the legality of a petitioner's detention.    *Id.* at 332.    Thus, the denial of Petitioner's
prior § 2255 motion, standing alone, will not permit this court to review his claim under
§ 2241.

Courts have struggled with ascertaining when § 2255 is "inadequate or ineffective,"
resulting in a split of authority among the federal circuit courts.    The United States Court
of Appeals for the Fourth Circuit previously established a three-factor analysis for
determining when § 2255 is inadequate or ineffective.    The remedy under § 2255 is
inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court
> established the legality of the conviction; (2) subsequent to the prisoner's
> direct appeal and first § 2255 motion, the substantive law changed such that
> the conduct of which the petitioner was convicted is deemed not to be
> criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of
> § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334 (hereinafter "the *Jones* test").    The Fourth Circuit later modified the *Jones* test and extended the savings clause analysis to sentencing challenges that can meet all the following criteria:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018) (hereinafter "the *Wheeler* test"). Petitioner's filings assert that he can meet all the factors of the *Wheeler* test, while Respondent contends that he cannot meet the second factor because the alleged change in substantive law relied on by Petitioner does not actually affect his sentence.

However, as asserted by Respondent in his motion for leave to file supplemental authority, the subsequent decision in *Jones v. Hendrix* is binding Supreme Court precedent that abrogates the Fourth Circuit's decision in *Wheeler* and absolutely bars his savings clause claim.    *See, e.g., Peters v. FCI McDowell Warden,* No. 1:21-00203, 2024 WL 1340071, at *4 (S.D.W. Va. Mar. 28, 2024), citing *Patel v. Warden, Fed. Corr. Facility Danbury, CT.,* No. 3:23-cv-366 (DJN), 2023 WL 5243383, at *2 (E.D. Va. Aug. 15, 2023) ("it appears that *Jones* and *Wheeler* have been abrogated."); *Barfield v. Streeval*, No. 22-6689, 2023 WL 5318468 (4th Cir. Aug. 18, 2023) (affirming dismissal of § 2241 petition challenging the validity of a conviction in light of Supreme Court's *Jones v. Hendrix* decision); *Nguyen v. Maruka*, No. 1:20-cv-00659, 2023 WL 8658676, at *5 (S.D.W. Va. Aug. 25, 2023), *report and recommendation adopted*, 2023 WL 8654936 (S.D.W. Va.

Dec. 14, 2023); *Johnson v. Brown*, No. 5:22-cv-00321, 2023 WL 5289215, *3 (N.D.W. Va. Aug. 16, 2023) (dismissing § 2241 petition challenging the validity of his conviction and sentence based upon *Jones v. Hendrix*); *Young v. Streeval*, No. 7:23-cv-00388, 2023 WL 4980569 (W.D. Va. Aug. 3, 2023) (citing *Jones v. Hendrix* in dismissing petitioner's § 2241 petition arguing that his sentence was invalid because one of his prior convictions did not qualify as a predicate offense under the ACCA); *Davis v. Streeval*, No. 7:23-cv-00337, 2023 WL 4828506, *2 (W.D. Va. July 27, 2023)("[A] prisoner cannot use § 2241 to accomplish what he could not do in his request for a second motion under § 2255.").

Thus, this court lacks jurisdiction to consider Petitioner's claim in the instant § 2241 petition.   The Fourth Circuit has instructed that such petitions should be dismissed without prejudice.  *See Clark v. Lieu*, No. 22-6846, 2023 WL 4676854, at *1 (4th Cir. July 21, 2023) quoting *Ali v. Hogan*, 26 F.4th 587, 600 (4th Cir. 2022) (recognizing that dismissal based on "defect in subject matter jurisdiction . . . must be one without prejudice.")   Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner cannot meet the criteria of 28 U.S.C. § 2255(e) to have the present petition considered by this federal court under § 2241 and the proper resolution is to dismiss the instant petition without prejudice.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS WITHOUT PREJUDICE** Petitioner's § 2241 petition (ECF No. 2), as supplemented, and this civil action, for lack of jurisdiction.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior

12

United States District Judge.    Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.    Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).    A copy of such objections shall be served on the opposing party and Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Petitioner, and to transmit a copy to counsel of record.

June 3, 2024

Dwane L. Tinsley
United States Magistrate Judge

13